# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed June 24, 1901.

CATHERINE HARRISON
VS.
HENRY F. HARRISON.

*John Watson, Jr.*, for plaintiff.
*Wm. M. Marine* for defendant.

**DENNIS, J.—**

Both the husband and wife were domiciled in Maryland.

The husband removed to Wyoming, and after remaining there the necessary time to give the courts jurisdiction, filed his bill for divorce; notice by publication was given, and the defendant also received personal notification of the filing of the bill.

The wife employed attorneys in the Wyoming court, who entered their appearance in the case and contested the relief sought by the plaintiff. They also filed a petition for alimony—upon which petition, testimony was taken in this city at the instance of the wife, she appearing in person and also by attorney—both testifying.

Upon the return of this testimony, and after regular proceedings, the wife's application for alimony was refused, and a divorce was granted the husband, from this decree of the court the wife took no appeal.

It appears by the statute of Wyoming offered in evidence by agreement of counsel, that the Wyoming court before which the case was heard, was a court of competent jurisdiction in divorce cases, and that the ground upon which the divorce was granted was one justifying a divorce under the laws of that State, if proved.

The present application is by the wife for alimony, *non obstante* the decree of divorce in Wyoming and its refusal to allow alimony, against her husband, who has since the decree returned to the State and resumed his residence here, upon the ground that the whole proceedings in Wyoming were void, because the defendant's pretended residence there, by virtue of which the Wyoming court took jurisdiction, was a fraudulent one, intended only to enable him to secure the divorce.

I do not think I have jurisdiction to entertain this application.

Had the wife never appeared to the Wyoming suit, and the only notice to her been constructively by publication, the decree would have been *in rem*, affecting only the legal status of the parties; and this court would not be bound by a decree of a foreign jurisdiction, in so far as it undertook to determine the status of our own citizens. But the wife appeared to the suit, and put in issue every point that was necessary to be determined before the divorce could be granted, and the question of alimony was fully litigated, and all was determined against her. Her remedy, when she once accepted the jurisdiction, was by appeal to the higher courts of Wyoming; otherwise the decree against her, which was *in personam*, after a full opportunity to litigate, and in this case after full litigation, is conclusive and cannot be collaterally impeached.

I think a decree of the Wyoming court, under the circumstances, comes within the "full faith and credit" clause of the Federal Constitution, and I have no jurisdiction to review it.